**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. | : | |
| PETER D. GRUBEA, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Case No.  12 Civ. 7199 (JSR) |
| v. | : | |
| | : | |
| ROSICKI, ROSICKI & ASSOCIATES, P.C., et al., | : | |
| | : | |
| Defendants. | : | |

---

**REPLY IN SUPPORT OF MOTION TO DISMISS THE THIRD AMENDED**
**COMPLAINT BY DEFENDANT, MCCABE, WEISBERG & CONWAY, P.C.**

# TABLE OF AUTHORITIES

**Cases**

*United States ex rel. Colucci v. Beth Isr. Med. Ctr.*,
785 F. Supp. 2d 303 (S.D.N.Y. 2011)...................................................................................... 2

*United States ex rel. Doe v. Taconic Hills Cent. Sch. Dist.*,
8 F. Supp. 3d 339 (S.D.N.Y. 2014).........................................................................................2

*United States ex rel. Quinn v. Omnicare, Inc.*,
382 F.3d 432 (3d Cir. 2004)....................................................................................................2

The third amended complaint does not establish fraud by defendant, McCabe, Weisberg & Conway, P.C. ("MWC"), as a matter of law or fact.  The majority of the third amended complaint (and the briefing) is devoted to conduct by parties other than MWC.  Unlike his claims against the other defendants, relator, Peter D. Grubea ("Grubea"), did not challenge the factual basis for the claims submitted by MWC to its servicer-clients.  Grubea only claimed the charges by defendants, Attorney Outsourcing Support Services, Inc. ("AOSS") and REO America Abstract, Inc. ("REO"), were "above market rates" (¶ 141).  Grubea relied on three examples for his claims against MWC – Katsura Court Property (¶¶ 302-08), Columbia Street Property (¶¶ 325-31), and O'Brien Avenue Property (¶¶ 400-04).  None of these examples establish fraud.

Grubea's contentions relating to personal service for the Katsura Court Property, Columbia Street Property and O'Brien Avenue Property are demonstrably false.  AOSS did not effect service for these foreclosures.  *See* Gairo Decl. [Doc. 139].  MWC was not even the attorney of record for the Columbia Street Property when service was effected.  Gairo Decl. ¶ 7. Grubea has not corrected his false pleadings, despite receiving the publicly-available, personal service-related materials.  Claiming to have examples outside the pleadings neither cures the false allegations nor provides a basis to defeat MWC's motion.  *See also* Reply by AOSS [Doc. 162] § I.  Grubea cannot proceed with claims against MWC that depend on false allegations.

Grubea's contentions relating to title searches are limited to the Katsura Court Property and the Columbia Street Property.  3d Am. Compl. ¶¶ 306-07, 29-30.  Grubea alleged nothing more than REO charged $450 for title searches for foreclosures related to two Freddie Mac loans and that the $450 charge was above market rates.  Freddie Mac permits title search charges up to $510 (New York) and $560 (New York City).  *See* Gairo Decl. ¶ 2.  Charging an amount within Freddie Mac's allowable charges is not fraud.  *See also* Reply by REO [Doc. 162] §§ I, II.

1

Grubea did not plead a basis for a false claim by MWC.  Grubea did not allege MWC submitted a claim with an incorrect description of services or for services never provided or for amounts above the allowable charges or other than what MWC actually paid to AOSS and REO. Without support, Grubea alleged only some charges were non-compliant with the servicers' contracts with Fannie Mae, Freddie Mac and the FHA because they were above market rates.

Grubea's claims against MWC are nothing more than allegations MWC took "advantage of the uncertainty in the regulations to maximize . . . billings.  This is not fraud." *See United States ex rel. Colucci v. Beth Isr. Med. Ctr.*, 785 F. Supp. 2d 303, 314 (S.D.N.Y. 2011). Nowhere in his brief did Grubea address the holdings in *United States ex rel. Doe v. Taconic Hills Cent. Sch. Dist.*, 8 F. Supp. 3d 339, 350 (S.D.N.Y. 2014), *United States ex rel. Colucci v. Beth Isr. Med. Ctr.*, 785 F. Supp. 2d 303, 314-15 (S.D.N.Y. 2011), or *United States ex rel. Quinn v. Omnicare, Inc.,* 382 F.3d 432, 434, 445 (3d Cir. 2004), that provide FCA liability cannot be imposed for a rate challenge in absence of a clear obligation to charge a specific rate.  Grubea's allegations MWC "took advantage of a lack of clarity . . . to maximize . . . reimbursements" are "insufficient to plead the 'knowing' conduct element" of an FCA claim.  *See Colucci*, 785 F. Supp. 2d at 317.  Grubea has not established fraud by MWC.

No amount of re-pleading will cure the fatal defects in Grubea's claims against MWC. The complained of conduct – allegedly failing to achieve the best available rates for personal service and title searches – cannot be a basis for FCA liability, as a matter of law.  Grubea's claims against MWC are legally and factually deficient and should be dismissed with prejudice.

Respectfully Submitted,

By: /s/ Candidus K. Dougherty
Jeffrey B. McCarron
Candidus K. Dougherty
SWARTZ CAMPBELL LLC

Date: May 11, 2018