**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* PETER D. GRUBEA,<br><br>Plaintiff,<br><br>v.<br><br>ROSICKI, ROSICKI & ASSOCIATES, P.C., PARAMOUNT LAND, INC., THRESHOLD LAND INC., ENTERPRISE PROCESS SERVICE, INC., MCCABE, WEISBERG, & CONWAY, P.C., ATTORNEY OUTSOURCING SUPPORT SERVICES, INC., REO AMERICA ABSTRACT, INC., CENLAR FSB, CITIGROUP INC., CITIBANK, N.A., CITIMORTGAGE, INC., DITECH FINANCIAL LLC, EVERHOME MORTGAGE COMPANY, EVERBANK FSB, FLAGSTAR BANK, FSB, GREEN TREE CREDIT, JAMES B. NUTTER & CO., METLIFE BANK, N.A., NATIONSTAR MORTGAGE LLC, ONEWEST BANK FSB, PHH MORTGAGE CORPORATION, PNC BANK, FSB, SUNTRUST MORTGAGE, INC., U.S. BANK, N.A., and WELLS FARGO & CO.,<br><br>Defendants. | No. 12 Civ. 7199 (JSR) |
| UNITED STATES OF AMERICA *ex rel.* PETER D. GRUBEA,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., J.P. MORGAN CHASE & CO., and JPMORGAN CHASE BANK N.A.,<br><br>Defendants. | No. 13 Civ. 1467 (JSR) |

**MEMORANDUM OF LAW IN OPPOSITION TO**
**RELATOR'S MOTION FOR RECONSIDERATION**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT .................................................................................. 1

BACKGROUND ....................................................................................................... 3

    A.    The Relator's Multiple Complaints and Prior Opportunities to Amend ................ 3

    B.    The Initial Status Conference .......................................................................... 4

    C.    Motion to Dismiss Briefing .............................................................................. 6

    D.    Oral Argument ................................................................................................. 7

    E.    The Court's Ruling .......................................................................................... 8

    F.    The Motion to Reconsider ............................................................................... 9

ARGUMENT .......................................................................................................... 9

    I.    Relator Has Not Identified Any Fact Or Law That The Court Overlooked ............ 9

    II.    Dismissal With Prejudice Was Fully Consistent With Controlling Law ................ 12

    III.    The Post-Dismissal Discovery Relator Seeks Is Not A Basis For Reconsideration . 20

CONCLUSION ....................................................................................................... 25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acito v. IMCERA Grp., Inc.*,
   47 F.3d 47, 55 (2d Cir. 1995)................................................................13

*Anatian v. Coutts Bank (Switzerland) Ltd.*,
   193 F.3d 85, 89 (2d Cir. 1999)...............................................................14

*Associated Press v. U.S. Dep't of Def.*,
   410 F. Supp. 2d 147, 153 (S.D.N.Y. 2006).............................................11

*Allison Engine Co. v. U.S. ex rel. Sanders*,
   553 U.S. 662, 671 (2008)........................................................................24

*Campo v. Sears Holdings Corp.*,
   371 F. App'x 212, 218 (2d Cir. 2010) .......................................13, 14, 15

*Bellikoff v. Eaton Vance Corp.*,
   481 F.3d 110 (2d Cir. 2007)....................................................................18

*Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co.*,
   628 F. App'x 793, 796 (2d Cir. 2015) .....................................................10

*Cybercreek Entm't, LLC v. U.S. Underwriters Ins. Co.*,
   696 F. App'x 554, 555-56 (2d Cir. 2017) ..........................................14, 15

*D. Penguin Bros. v. City Nat. Bank*,
   587 F. App'x 663, 669 (2d Cir. 2014) .........................................13, 17, 18

*F5 Capital v. Pappas*,
   856 F.3d 61, 89 (2d Cir. 2017)....................................................13, 15

*Foman v. Davis*,
   371 U.S. 178, 182 (1962).........................................................................13

*Goldstein v. New York*,
   No. 00 Civ. 7463 (LTS), 2001 WL 893867, at *1 (S.D.N.Y. Aug. 7, 2001)..........................12

*Hayden v. Cnty. of Nassau*,
   180 F.3d 42, 53-54 (2d Cir. 1999) ..........................................................13

*Horoshko v. Citibank, N.A.*,
   373 F.3d 248, 249-50 (2d Cir. 2004) ......................................................14

ii

*In re Crude Oil Commodity Litig.*,
    No. 06 Civ. 6677 (NRB), 2007 WL 2589482, at *3-4 (S.D.N.Y. Sept. 8, 2007).............14, 17

*In re Eaton Vance Mut. Funds Fee Litig.*,
    403 F. Supp. 2d 310, 318 (S.D.N.Y. 2005)...........................................................................17

*In re Facebook, Inc. IPO Sec. & Derivative Litig.*,
    43 F. Supp. 3d 369, 376 (S.D.N.Y. 2014) ............................................................................11

*In re Gildan Activewear, Inc. Secs. Litig.*,
    08 Civ. 5048 (HB), 2009 WL 4544287, at *5 (S.D.N.Y. Dec. 4, 2009) .................................14

*In re Initial Pub. Offering Sec. Litig.*,
    399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005).............................................................................9

*In re Lehman Bros. Mortg.-Backed Sec. Litig.*,
    650 F.3d 167, 188 (2d Cir. 2011)...................................................................................13, 15

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*,
    797 F.3d 160, 190 (2d Cir. 2015).........................................................................................13

*Polsby v. St. Martin's Press, Inc.*,
    No. 97 Civ. 690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) ..........................12

*Rafter v. Liddle*,
    288 F. App'x 768, 769 (2d Cir. 2008) .................................................................................20

*Salveson v. JP Morgan Chase & Co.*,
    663 F. App'x 71, 75 (2d Cir. 2016) ..........................................................................10, 12, 21

*Singh v. Schikan*,
    No. 14 Civ. 5450 (NRB), 2015 WL 4111344, at *1 (S.D.N.Y. June 25, 2015).....................14

*U.S. ex rel. Banigan v. Organon USA Inc.*,
    No. 07 Civ. 12153 (RWZ), 2011 WL 794915, at *1 (D. Mass. Feb. 28, 2011) .....................24

*U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*,
    290 F.3d 1301, 1313 (11th Cir. 2002) .................................................................................23

*U.S. ex rel. Driscoll v. Serono Inc.*,
    No. 00 Civ. 11680 (GAO), 2008 WL 728939, at *3-4 (D. Mass. Mar. 18,
    2008) ...............................................................................................................................22, 23

*U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*,
    441 F.3d 552, 560 (8th Cir. 2006) .......................................................................................21

*U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp.*,
    360 F.3d 220, 231 (1st Cir. 2004).........................................................................................23

*U.S. ex rel. Underwood v. Genentech, Inc.*,
    720 F. Supp. 2d 671, 673 (E.D. Pa. 2010) ..............................................................................24

*Vassallo v. Rural/Metro Corp.*,
    No. 15 Civ. 119 (PHX), 2017 WL 4570706, at *5 (D. Ariz. Oct. 5, 2017)...........................24

*Wilson v. Merrill Lynch & Co.*,
    671 F.3d 120, 139-40 (2d Cir. 2011) ....................................................................................15

*Wood ex rel. U.S. v. Applied Research Assocs., Inc.*,
    328 F. App'x 744, 747 (2d Cir. 2009) ...................................................................................23

*Zahra v. Town of Southold*,
    48 F.3d 674, 685 (2d Cir. 1995)............................................................................................13

**Statutes**

31 U.S.C. § 3730(d)(4) .................................................................................................................22

**Other Authorities**

Local Civil Rule 6.3 ......................................................................................................................10

Fed. R. Civ. P. 9(b) .............................................................................................................. *passim*

Fed. R. Civ. P. 15 ..........................................................................................................................13

Certain Servicer Defendants[1] respectfully submit this memorandum of law in opposition to Relator's motion for reconsideration of the Court's June 23, 2018 Order and Opinion (the "Decision"), which dismissed this action against the Servicer Defendants with prejudice.

## PRELIMINARY STATEMENT

In a detailed opinion, this Court granted the Servicer Defendants' motion to dismiss with prejudice, finding that Relator Peter Grubea failed to plead scienter under Rule 9(b) and declining to address the other bases for dismissal.  (Dkt. No. 180.)[2]  Relator now moves this Court to reconsider its decision, but fails to identify any fact or controlling law that the Court overlooked. Instead, Relator seeks reconsideration so he can pursue post-dismissal discovery that he "understands" may assist him in further amending his complaint.  Br. at 11.  But the information Relator indicates he hopes to obtain from the Government would not address the deficiencies the Court identified regarding Relator's failure to plead a strong inference of scienter, making any further pleading futile.  In addition, Relator has already amended his complaint multiple times over the past six years, leading this Court to find that he "had ample opportunity to plead every possible factual basis for scienter, and was not able, even at oral argument, to provide more than is discussed above."  Decision at 27.  The motion for reconsideration should be denied.

*First*, Relator does not (and cannot) identify a single fact or controlling law that the Court overlooked that would justify granting the "extraordinary remedy" of reconsideration.  Contrary

---

[1] The Servicer Defendants joining this opposition are Bank of America, N.A., J.P. Morgan Chase & Co., Wells Fargo & Co., Citigroup Inc., Citibank, N.A., CitiMortgage, Inc. (collectively, "Citi"), Nationstar Mortgage LLC, Flagstar Bank, and U.S. Bank N.A.—i.e., the seven Servicer Defendants against whom Relator seeks leave to amend his claims.

[2] Unless otherwise indicated, citations to the docket are to the docket in *U.S. ex rel. Grubea v. Rosicki, Rosicki & Associates, et al.*, No. 12 Civ. 7199.  Relator's July 11, 2018 memorandum of law in support of his motion for reconsideration is cited as "Br."

to Relator's assertion, neither the parties nor the Court overlooked the issue of whether to allow Relator an opportunity to amend his complaint further.  In fact, the parties addressed the issue of amendment at the initial conference, in the motion to dismiss briefing, and at oral argument.  At each stage, Relator declined to seek further amendment and instead decided to "take his chances." Br. at 10 n.5.  In its decision, the Court directly addressed the issue of whether to allow further amendment and ruled that Relator already had ample opportunity to do so and any further amendment would be futile.  Decision at 27.  Relator cannot now claim that this issue was somehow overlooked.

*Second*, the Court's dismissal with prejudice is consistent with Second Circuit law.  As a preliminary matter, Relator did not request leave to amend the operative complaints in his opposition brief or at oral argument after seeing the Servicer Defendants' motion to dismiss.  That alone supports dismissal with prejudice.  In addition, although Relator asserts in a conclusory manner that he expects discovery could lead to information that could address the Court's concerns, he fails to explain exactly how that information would give rise to a "strong inference of fraudulent intent" or address the other deficiencies identified by the Court.  *Id.* at 24-25.  In fact, even with the discovery Relator describes, he still could not allege scienter because Relator is an outsider who knows nothing about "how each individual defendant did or did not perform its obligations."  *Id.* at 26-27.  Thus, any amendment following such discovery would be futile. Moreover, Relator has already amended his complaint multiple times over the last six years and was recently offered multiple additional opportunities to amend further, which he declined.  Under these circumstances, Relator has had ample opportunity to plead his claims against the Servicer Defendants, and the Court correctly dismissed those claims with prejudice.

2

*Third*, it is well settled that a relator may not engage in discovery before satisfying Rule 9(b).  In fact, this Court applied that principle at the outset of this case when it denied Relator's attempt to seek discovery of these very same documents when Relator sought them from the Servicer Defendants directly.  Simply put, Relator was not entitled to the Servicer Defendants' internal documents before he satisfied Rule 9(b), and he certainly may not seek to develop evidence for the first time only after his case is dismissed.

The motion to reconsider, therefore, should be denied.

## **BACKGROUND**

### A.    **The Relator's Multiple Complaints and Prior Opportunities to Amend**

Relator commenced this action by filing a complaint, under seal, on September 24, 2012, almost six years ago.  (Dkt. No. 25).  Over the next five and a half years, Relator amended his complaint three times in the original action and initiated a separate action making essentially identical claims against additional servicers, which was also amended multiple times.  With every amended pleading, Relator changed the number and identity of the named defendants, reflecting Relator's utter lack of a factual basis to make allegations regarding any of the servicers' business practices, much less allegations that would establish a culpable state of mind on the part of any servicer.

Relator's original complaint named a number of law firm defendants as well as 13 mortgage servicers.  (*Id*.)  Relator first amended his complaint on February 28, 2013, dropping four of the servicer defendants named in the original complaint, but adding 17 new servicer defendants. (Dkt. No. 27).  Shortly thereafter, Relator initiated a new action making substantially similar allegations against one servicer, HSBC.  (No. 13 Civ. 1467, Dkt. No. 22).  In June 2014,

Relator again amended his complaint in the original action, adding still more servicers to bring the number of servicer defendants in this action to 32. (Dkt. No. 28). Shortly thereafter, Relator amended his complaint in the companion case, dropping one servicer and adding two more. (No. 13 Civ. 1467, Dkt. No. 23).

On February 13, 2018, following a lengthy investigation, the United States declined to intervene as against *any* servicer (electing to intervene only as against some law firm defendants). (Dkt. No. 33). With the Court's permission, on April 3, 2018, Relator again amended the complaints in each action. (Dkt. No. 29; No. 13 Civ. 1467, Dkt. No. 28). Obviously anticipating motion practice under Rule 9(b), Relator did not simply re-state the allegations in the earlier complaints. To the contrary, Relator used the opportunity to add *hundreds* of paragraphs of new allegations, now focused on 16 of the servicers. *Compare, e.g.,* Second Amended Complaint, No. 12 Civ. 7199 (Dkt. No. 28) (containing 127 numbered paragraphs) *with* Third Amended Complaint, No. 12 Civ. 7199 (Dkt. No. 29) (containing 513 numbered paragraphs); *compare* First Amended Complaint, No. 13 Civ. 1467 (Dkt. No. 23) (containing 133 numbered paragraphs) *with* Second Amended Complaint, No. 13 Civ. 1467 (Dkt. No. 28) (containing 366 numbered paragraphs). Yet in all these paragraphs, Relator *still* alleged no facts regarding the practices or state of mind of *any* servicer – because he did not know anything about the servicers, other than that they serviced the loans identified in the complaints.

### B.     The Initial Status Conference

The Court held an initial conference in this case on April 17, 2018. In advance of that conference, the parties made a joint submission to the Court. *See* Apr. 12, 2018 Joint Letter. In that Joint Letter, the Servicer Defendants sought a stay of discovery pending a ruling on their

anticipated motion to dismiss.

Previewing that motion, the Servicer Defendants argued that they would be moving to dismiss on Rule 9(b) grounds, that Relator was an outsider with no knowledge of the business practices of any servicer, and that a relator may not avail himself of discovery before the complaint is found to satisfy Rule 9(b).  In addition, the Servicer Defendants argued that Relator should not be permitted to amend his complaint yet again, except in non-substantive ways.  *Id.* at 2.  In response, Relator disagreed with the positions of the Servicer Defendants and requested "an opportunity to amend after seeing Defendants' arguments for the first time."  *Id.* at 3.

At the initial conference, the Court specifically addressed both the availability of discovery and Relator's request for an opportunity to amend.  At that time, the Court offered Relator the opportunity to amend his complaint to address the Servicer Defendants' anticipated Rule 9(b) arguments.  In response, Relator explicitly ***declined*** the opportunity to amend again, and instead agreed to "take [his] chances" on the existing complaint:

> THE COURT:   Well, you know that the [Servicer Defendants] are going to make a motion to dismiss based on 9(b).  There may be other grounds, but you know that part is coming.  So if you wanted to replead with particularity, why can't you do it now?
>
> MR. BUCHDAHL:   We don't believe we need to replead on the grounds of particularity.
>
> THE COURT:  I see.  Okay.  So you want to take your chances?
>
> MR. BUCHDAHL:  Particularly given your comments earlier, then we do.
>
> THE COURT:   All right.

Apr. 17, 2018 Tr. at 6:25-7:10.  For their part, the Servicer Defendants made clear why any effort

by Relator to replead would be futile, stressing that Relator has no basis to make factual allegations

regarding the business practices of the Servicer Defendants:

> MR. SCHILLING:  [T]he relator in this case being an outsider to any of the
> defendants isn't going to be in a position to replead what's missing from the
> complaint.  ***What's missing from this complaint in particular with respect to the
> servicer defendants is the business practices of the defendants*** and the submission
> of false – of any claims to the government for reimbursement . . . .  ***Here, because
> the relator is an outsider, . . . there is no way that they would be able to cure and
> to say, Oh, yes, now in light of that dismissal, we can replead as to certain things.***

*Id*. at 8:24-9:18 (emphasis added).

The Court also addressed at that time Relator's request to take discovery.  Specifically,

Relator advised the Court that Relator had served a document request on the Servicer Defendants

seeking the documents that the Servicer Defendants had produced to the Government during the

course of its investigation.  Relator asked that, notwithstanding the discovery stay, the Court direct

the Servicer Defendants to "immediately produce those documents already produced to the U.S.

Attorney's Office to the plaintiffs."  *Id*. at 16:15-17.  The Court denied Relator's request to exempt

this category of documents from the discovery stay.  *Id*. at 19:20-21.

### C.    Motion to Dismiss Briefing

The Servicer Defendants filed their motion to dismiss on April 27, 2018.  (Dkt. No. 124.)[3]

In that motion, the Servicer Defendants reiterated the point that Relator, being an outsider, had no

basis to accuse the Servicer Defendants of misconduct, and that any amendment of the Relator's

---

[3] The Servicer Defendants' April 27, 2018 memorandum of law in support of their motion to
dismiss the complaint is cited as "Servicer Defs.' Br.," and their May 11, 2018 reply memorandum
of law is cited as "Servicer Defs.' Reply."

complaint would be futile.  Servicer Defs.' Br. at 9.  For that reason, the moving brief concluded that "[d]ismissal should be with prejudice because further amendment would be futile." *Id.* at 45. Relator was therefore clearly on notice that the Court was being asked to dismiss the complaint "with prejudice."

Although Relator had previously (in the Joint Letter) requested the opportunity to replead "after seeing Defendants' arguments for the first time," Relator did not seek to replead as against the Servicer Defendants after seeing the Servicer Defendants' opening brief.  Relator also chose not to respond to the Servicer Defendants' request for dismissal with prejudice, electing not to proffer any additional facts that Relator believed he could allege to establish scienter, should the motion be granted.  Relator's silence on this point with respect to the Servicer Defendants was not unexpected because Relator had already pled everything he knew with regard to the internal practices and state of mind of the Servicer Defendants – which of course was nothing.

### D.    Oral Argument

At oral argument, the Court offered Relator the opportunity to identify the factual basis for the allegations against the Servicer Defendants that had been made "upon information and belief." Specifically, the Court asked:  "I think that part of their complaint, and it was something that was of concern to the Court, is how much of your allegations against the servicer defendants are based on information and belief.  And ***I guess my question is what was the information part of that that you relied on?***"  May 25, 2018 Tr. at 41:16-20 (emphasis added).  In response to that direct question, Relator's counsel identified the facts relied upon by Relator to make his allegations against the Servicer Defendants (*i.e.*, alleged conversations with persons at law firms and servicers).  *Id.* at 41:21-42:12.  Counsel did not, in response to that direct question by the Court,

7

or at any other time, inform the Court that Relator was also purportedly relying on documents that had been subpoenaed by the Government.

### E.      The Court's Ruling

On June 23, 2018, the Court issued a comprehensive, 55-page opinion and order that dismissed Relator's claims against the Servicer Defendants with prejudice.  (Dkt. No. 180.) Specifically, the Court found that Relator's allegations against the Servicer Defendants failed to satisfy the FCA's "rigorous" scienter requirement, because Relator "knows nothing" about the Servicer Defendants' practices with respect to quality control or the submission of claims and therefore "alleges nothing in particular about any of the Servicer Defendants except that they serviced the mortgages mentioned in the complaints."  Decision at 25.  The Court further stressed that the amounts charged by the law firms were "facially believable" and thus "do not support a strong inference of gross negligence."  *Id*.  The Court also highlighted facts that directly undermined Relator's allegations that the Servicer Defendants acted knowingly, such as that the law firms had a "fiduciary duty to honestly represent their costs" to the Servicer Defendants and that the Servicer Defendants "were on the hook for one-third of the bill [for FHA claims] no matter what."  *Id*.  The Court also found that the "example" loans cited in the complaints were not alleged with the particularity that would permit the Court to infer that they are "representative of the tens of thousands of mortgages defendants service each year."  *Id.* at 25-26.  Finally, the Court found that dismissal with prejudice was warranted because "Relator has had ample opportunity to plead every possible factual basis for scienter, and was not able, even at oral argument, to provide more than is discussed above."  *Id*. at 27.

### F.      The Motion to Reconsider

On July 11, 2018, Relator filed this motion for reconsideration.  The motion seeks leave to amend Relator's complaint against 7 of the 16 Servicer Defendants named in the then-operative complaints.  Relator offered no rationale for selecting these 7 servicers, rather than the 13 servicers he sued initially, the 30 he sued later, the 32 he sued after that, or the group of 16 Servicer Defendants that he settled on in his most recent complaints.  In his motion, and notwithstanding the governing standards, Relator does not even attempt to argue that the Court overlooked any controlling legal or factual matters.  In fact, Relator does not take issue with the Court's conclusion that the operative complaints failed to plead facts that give rise to a strong inference of scienter.  Rather, Relator renews his argument, which this Court already rejected, that he should be entitled to pursue discovery of the Servicer Defendants' internal documents in order to re-plead his complaint with greater particularity.  Once again, Relator proffers no facts regarding his proposed amendments or in any way explains how or why those documents would cure the deficiencies in his earlier complaints.

## **ARGUMENT**

### I.   **RELATOR HAS NOT IDENTIFIED ANY FACT OR LAW THAT THE COURT OVERLOOKED**

Relator's motion should be denied because he has not identified any fact or law that the Court overlooked.  Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005).    "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other

words, that might reasonably be expected to alter the conclusion reached by the court." *Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co.*, 628 F. App'x 793, 796 (2d Cir. 2015) (citation omitted). As the Second Circuit has stressed, a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Salveson v. JP Morgan Chase & Co.*, 663 F. App'x 71, 75 (2d Cir. 2016) (citation omitted). Accordingly, under Local Civil Rule 6.3, a party seeking reconsideration must "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." Local Civ. R. 6.3.

Relator does not identify any law or fact that the Court overlooked when it granted the Servicer Defendants' motion to dismiss. Instead, Relator argues only that the Court should have dismissed the claims against the Servicer Defendants *without* prejudice because "Second Circuit precedent" generally favors granting leave to amend. Br. at 1. But any suggestion that the Court "overlooked" this issue, or that the Court was unaware of the law on this point, is simply frivolous.

In fact, the issue of whether Relator should have yet another opportunity to replead was raised ***repeatedly*** by the parties and the Court. As early as in the parties' joint submission to the Court in advance of the initial conference, the Servicer Defendants argued that "Relator should not be permitted to file yet another amended complaint." Joint Letter at 2. At the April 17, 2018 initial conference, the Court specifically addressed the issue, and explicitly offered Relator the opportunity to amend his complaint to address the Servicer Defendants' Rule 9(b) arguments, but Relator ***declined*** the offer and indicated that he would "take [his] chances." Apr. 17, 2018 Tr. at 6:25-7:10. Furthermore, in the briefing on the motion to dismiss, the Servicer Defendants specifically argued that dismissal should be "with prejudice" because further amendment would

10

be "futile."   Servicer Defs.' Br. at 45.   The Servicer Defendants reiterated the point on reply. Servicer Defs.' Reply at 20 (requesting dismissal "with prejudice").   The issue of whether Relator had any facts to support his claims against the Servicer Defendants arose yet again at oral argument, when the Court gave Relator the opportunity to identify the "information" that supported his allegations.   *See* May 25, 2018 Tr. at 41:16-42:12.   Finally, the Court directly addressed leave to amend in its decision, properly concluding that dismissal should be with prejudice "because Relator has had ample opportunity to plead every possible factual basis for scienter," but had not done so.  Decision at 27.[4]

In short, Relator had ample opportunities to request leave to amend or to inform the Court of additional information that he would use to amend his claims; but at every opportunity he declined to do so, at least as to the Servicer Defendants.[5]   Instead, Relator waited until the Court

---

[4] Relator claims that he would have disclosed additional information at oral argument, *if only the Court had asked the right questions*.  *See* Br. at 11 ("If, by contrast, the Court had asked whether Relator could make additional allegations supporting his claims, Relator would have pointed to the materials" obtained by the Government).   But Relator cannot obtain reconsideration based on arguments he could have raised earlier.  *See Associated Press v. U.S. Dep't of Def.*, 410 F. Supp. 2d 147, 153 (S.D.N.Y. 2006) ("[A] motion for reconsideration must . . . be denied if for no other reason, because the argument . . . asserted . . . was never properly raised in the underlying motion practice" and was raised for the first time on the motion for reconsideration); *In re Facebook, Inc. IPO Sec. & Derivative Litig.*, 43 F. Supp. 3d 369, 376 (S.D.N.Y. 2014) (new arguments and allegations "raised for the first time in Plaintiff's motion for reconsideration" of a decision granting dismissal were rejected based on "impermissible timing").

[5] Relator's response to the Servicer Defendants stands in stark contrast to the approach he took with respect to the motion to dismiss filed by the McCabe Defendants.  In his opposition, Relator responded directly to the prospect of dismissal of these claims with prejudice, and even submitted a declaration proffering additional facts that he could use to amend his allegations against the McCabe Defendants.   Although Relator chose to proffer additional facts with respect to the McCabe Defendants, he chose ***not*** to proffer any facts that could cure the deficiencies in the claims against the Servicer Defendants, confirming his earlier, announced decision to "take [his] chances" with the existing complaint.  Apr. 17, 2018 Tr. at 6:25-7:10.

11

dismissed his claims to raise arguments that he could have raised at any point prior to the Court's Decision. This is an improper basis for a motion for reconsideration, and the motion should be denied. *See, e.g., Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (denying reconsideration because a party "is not supposed to treat the court's initial decision as the opening of a dialogue") (citation omitted); *Goldstein v. New York*, No. 00 Civ. 7463 (LTS), 2001 WL 893867, at *1 (S.D.N.Y. Aug. 7, 2001) (denying motion for reconsideration where plaintiff "raises additional legal arguments that could have been made in Plaintiff's response to Defendant's motion to dismiss").

## II.    DISMISSAL WITH PREJUDICE WAS FULLY CONSISTENT WITH CONTROLLING LAW

Although Relator does not accuse the Court of "overlooking" anything, he argues that reconsideration should nevertheless be granted because denying leave to amend in this case "would conflict with controlling precedent." Br. at 7. As an initial matter, reconsideration is simply not available to re-litigate issues that were already considered. *See Salveson*, 663 F. App'x at 75. Accordingly, Relator's failure to point to controlling law that the Court actually "overlooked" is fatal to his motion. In any event, even if the Court were to construe Relator's argument to be that the Court overlooked Second Circuit law on the standards for repleading, that argument too would fail. Far from "overlooking" Second Circuit law on this issue, the Court itself specifically referenced that law to the parties at the initial conference, as Relator repeatedly points out in his motion. *See* Br. at 1, 3, 10 n.3 (quoting Apr. 17, 2018 Tr. at 4:4-16; 12:14-20 (referencing the "law of the Second Circuit" on leave to re-plead following Rule 9(b) dismissal)). The Court was obviously well aware of the "controlling" legal standards that Relator now claims that the Court "overlooked," and the Court properly applied those standards here.

12

Relator's repeated suggestion that "controlling" Second Circuit law required this Court to dismiss without prejudice is incorrect.  The law does not entitle any litigant to an amendment. Rather, "it is within the sound discretion of the district court to grant or deny leave to amend." *Zahra v. Town of Southold*, 48 F.3d 674, 687 (2d Cir. 1995); *accord Foman v. Davis,* 371 U.S. 178, 182 (1962).  Although Rule 15 provides that leave to amend shall be "freely give[n]," it is well established that dismissal with prejudice is appropriate where a plaintiff does not request leave to amend "in [his] opposition to the motion"; where a plaintiff fails to provide "a ***specific explanation*** of the manner in which they propose to cure the defects in their complaint," *Campo v. Sears Holdings Corp.*, 371 F. App'x 212, 218 (2d Cir. 2010) (emphasis added); *accord F5 Capital v. Pappas*, 856 F.3d 61, 89 (2d Cir. 2017); where further amendment would be "futile," *In re Lehman Bros. Mortg.-Backed Sec. Litig.*, 650 F.3d 167, 188 (2d Cir. 2011); *accord Hayden v. Cnty. of Nassau,* 180 F.3d 42, 53–54 (2d Cir. 1999); or where the plaintiff has already had "ample opportunity" to seek leave to amend, *D. Penguin Bros. v. City Nat. Bank*, 587 F. App'x 663, 669 (2d Cir. 2014).[6]  Here, all of these grounds supported the Court's decision to deny leave to amend.

***First***, dismissal with prejudice was proper here because, after seeing the Servicer Defendants' motion, Relator did not request leave to amend, either in his opposition brief, at oral

---

[6] The cases cited by Relator are not to the contrary.  *See, e.g.*, *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) ("Our opinion today, of course, leaves unaltered the grounds on which denial of leave to amend has long been held proper, such as undue delay, bad faith, dilatory motive, and futility—none of which were a basis for the denial here.). Indeed, in one of Relator's cases, the Second Circuit ***affirmed*** the district court's denial of leave to amend following dismissal under Rule 9(b), explaining that "[o]ne good reason to deny leave to amend is when such leave would be futile," and agreeing with the district court that the plaintiff's proposed amendments would not have cured the complaint.  *Acito v. IMCERA Grp., Inc.*, 47 F.3d 47, 55 (2d Cir. 1995).

argument, or at any time before the Court issued its decision.  As the Second Circuit has explained, a plaintiff's "failure to request leave to amend ***alone*** supports the District Court's dismissal with prejudice." *Cybercreek Entm't, LLC v. U.S. Underwriters Ins. Co.*, 696 F. App'x 554, 555-56 (2d Cir. 2017) (emphasis added); *accord Campo*, 371 F. App'x at 218 (affirming dismissal of complaint under Rule 9(b) with prejudice where "[n]owhere in their opposition to the motion to dismiss did plaintiffs request leave to amend"); *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249–50 (2d Cir. 2004) ("[Plaintiffs'] contention that the District Court abused its discretion in not permitting an amendment that was never requested is frivolous."); *Anatian v. Coutts Bank (Switzerland) Ltd.*, 193 F.3d 85, 89 (2d Cir. 1999) (affirming dismissal of complaint under Rule 9(b) with prejudice where "plaintiffs made no attempt to seek leave to amend their amended complaint either before or after the district court's decision").  Indeed, courts in this Circuit have consistently found that a plaintiff's failure to request leave to amend is not a proper basis for a motion for reconsideration.  *See, e.g., Singh v. Schikan*, No. 14 Civ. 5450 (NRB), 2015 WL 4111344, at *1 (S.D.N.Y. June 25, 2015) (denying motion for reconsideration of dismissal with prejudice where plaintiff failed to properly request leave to amend); *In re Gildan Activewear, Inc. Secs. Litig.*, 08 Civ. 5048 (HB), 2009 WL 4544287, at *5 (S.D.N.Y. Dec. 4, 2009) (denying motion for reconsideration of dismissal with prejudice where plaintiffs' request for leave to replead was made only in a footnote in the opposition brief); *In re Crude Oil Commodity Litig.*, No. 06 Civ. 6677 (NRB), 2007 WL 2589482, at *3 (S.D.N.Y. Sept. 8, 2007) (denying motion for reconsideration of dismissal with prejudice:  "the decision to dismiss with prejudice was a

deliberate one, made with an awareness of the multiple opportunities presented to and spurned by plaintiffs to amend their complaint in lieu of opposing the substance of the motion").

**Second,** dismissal with prejudice was proper here because Relator did not – and **still** has not – provided "a **specific explanation** of the manner in which they propose to cure the defects in their complaint." *Campo*, 371 F. App'x at 218 (emphasis added).  Merely asserting, in conclusory fashion, that a plaintiff possesses additional materials that would allow him state a claim is not enough.  *See Cybercreek Entm't*, 696 F. App'x at 555-56 (affirming district court's dismissal with prejudice where litigant "has not explained how it could amend the complaint to . . . survive a motion to dismiss") (citation omitted); *accord F5 Capital*, 856 F.3d at 89 (affirming dismissal of complaint with prejudice where plaintiff provided "no clue as to how the complaint's defects would be cured through an amendment") (citation omitted); *Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 139-40 (2d Cir. 2011) (affirming dismissal of complaint with prejudice where plaintiff "never indicated to the district court how further amendment would permit him to cure the deficiencies in the complaint" and, on appeal, asserted in "conclusory terms" that "'[g]reater detail' can be provided as to certain facts that the district court concluded were not pleaded with specificity"); *In re Lehman Bros.*, 650 F.3d at 188 ("While plaintiffs conclusorily assert on appeal that recent government investigations provide new information . . ., they fail to identify new facts that might redress the complaints' noted deficiencies.").

Here, Relator merely asserts, in conclusory fashion, that he "understands" that discovery could lead to information that would address the Court's concerns.  Br. at 11.  Relator states, for example, that he has unspecified "details" on "the points identified by the Court as critical," *id.* at 1-2, and that he expects to be able to "detail[] the [Servicer Defendants'] policies and practices

15

with respect to claims review, quality control, and monitoring of vendors and fees," *id.* at 11. Putting aside for the moment whether such discovery is even available (*see* Part III below), Relator fails to explain what these "details" are or how exactly the unidentified "policies and practices" would cure the deficiencies in his Complaint.

On this point, Relator is wrong when he suggests that the Court dismissed the case against the Servicer Defendants solely for failure to allege the Servicer Defendants' policies or practices. The Court did not dismiss the complaints for a mere failure to allege the contents of documents; it dismissed the complaints because Relator could not meet his "rigorous" burden to allege, as to each servicer, facts that would "give rise to a ***strong*** inference of fraudulent intent."   Decision at 22.   While the Court correctly observed that Relator had alleged "nothing" about the Servicer Defendants' internal practices, the Court did not stop there, or rely exclusively on that failure. Rather, the Court reviewed all of the allegations and found no basis to infer fraudulent intent.  For example, the Court correctly observed that the charged amounts themselves "do not support a strong inference of gross negligence"; that those amounts were "facially believable"; that the law firms "had a fiduciary duty to honestly represent their costs"; that "the Servicers were on the hook for one-third of the bill [for FHA claims] no matter what"; and that the "example" loans cited in the Complaint were not alleged with particularity to have been representative of the "tens of thousands of mortgages defendants service each year." *Id.* at 25-26.  The Court considered ***all*** of these factors on the issue of scienter, and at no time suggested that any one of these failings was dispositive.   Accordingly, Relator's suggestion that merely pleading the details of policy documents alone would establish scienter disregards the "rigorous" standard he would need to meet, and ignores the Court's detailed and holistic analysis of the issue.

*Third*, dismissal with prejudice was proper here because, as this Court correctly observed, Relator has had "ample opportunity" to develop facts against the Servicer Defendants and advance his strongest possible allegations, Decision at 27, as evidenced by the multiple prior amended complaints that Relator has filed since this action was initiated almost six years ago.  Although some of Relator's prior amendments occurred before the case was unsealed, the Court granted Relator an *additional* opportunity to amend the complaint at the time the case was unsealed. Relator took full advantage of that opportunity, filing amended complaints that added *hundreds* of new allegations.  The Court also offered Relator yet another opportunity to amend his complaint after Relator was informed of the basis for the Servicer Defendants' Rule 9(b) motion, an opportunity that Relator chose to decline.  Although Relator had not yet had the benefit of the Servicer Defendants' motion papers, the legal grounds for the Servicer Defendants' Rule 9(b) argument were not a secret:  they were recited in the parties' Joint Submission to the Court and discussed at that conference.  In fact, anticipating correctly that the Servicer Defendants' Rule 9(b) argument would highlight Relator's lack of information about the Servicer Defendants' business practices, Relator sought "immediate" discovery from the Servicer Defendants before their motion was even filed.  When that request was denied, Relator chose not to raise the point again until after his case against the Servicer Defendants was dismissed.  Accordingly, Relator can hardly claim to have been denied an opportunity to amend to address these obvious deficiencies.  *See, e.g.*, *D. Penguin Bros.*, 587 F. App'x at 669 (affirming dismissal with prejudice where plaintiffs had "ample opportunity" to amend their complaint prior to dismissal); *In re Crude Oil*, 2007 WL 2589482, at *4 (denying motion for reconsideration of dismissal with prejudice where plaintiff had "numerous opportunities to amend"); *In re Eaton Vance Mut. Funds Fee Litig.*, 403 F. Supp.

17

2d 310, 318 (S.D.N.Y. 2005) (denying plaintiffs' request to file a third amended complaint where plaintiffs "had ample notice of defects in their complaint and opportunity to cure them before the Court ruled on the motion to dismiss") *aff'd sub nom. Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110 (2d Cir. 2007).[7]

Relator's request to replead as to Chase merely serves to underscore the futility of permitting any amendment. Relator asks this Court to permit him to "plead details surrounding communications he had with outside counsel for Chase." Br. at 13. These details could not affect this Court's conclusion that any amendment would be futile because of Relator's admitted "ignorance" and lack of any inside knowledge of Chase's oversight practices.

Relator contends in his motion that in 2012, he informed Chase's lawyers about Rosicki firm misconduct and its use of affiliates to inflate charges, and claims to have told Chase that he believed that Chase "had no policy or procedure in place to ensure foreclosure expenses were reasonable or necessary." Br. at 14. These conversations allegedly occurred in 2012, years before Relator added Chase as a defendant in this case. Relator offers no explanation for why he did not include these allegations in his previous complaints, and if they were relevant, he would surely have done so. That alone warrants rejection of Relator's motion to reconsider as to Chase. *See D. Penguin Bros.*, 587 F. App'x at 669 (refusing to permit amendment where a plaintiff had "ample

---

[7] Relator also argues that reconsideration should be granted to the extent it is "consonant with justice" to do so. Br. at 7. But denying Relator a further opportunity to sue a group of servicers without any factual basis is hardly unjust, particularly given that Relator never had a basis to sue any of them, and given that he is suing not for himself but on behalf of the Government, which has all of the documents that Relator now seeks and yet declined to intervene in this action against any Servicer.

opportunity" to develop facts before dismissal).

In any event, these allegations change nothing in this Court's analysis of his current complaint. Relator made similar allegations in his Second Amended Complaint and at oral argument. *See* No. 13 Civ. 1467, Second Am. Compl. ¶ 150 (alleging that Relator "repeatedly brought the illegal and excessive nature of affiliates' fees to the attention of various bank servicers, including Defendant Chase, as well as to their agents"); Decision at 23 (noting counsel's argument). The conversation with Chase's lawyers discussed in the motion for reconsideration is simply another "alleged conversatio[n]" that "seem[s] to have resulted in nothing more than foreclosure charges being lowered in [a particular] bankruptcy cas[e]." Decision at 24. This Court previously rejected Relator's argument that it could infer Chase's knowledge or recklessness from examples of alleged excessive charges. Providing a specific example of an alleged overcharge is no answer to this reasoning.

Indeed, Relator still "knows nothing about compliance systems [Chase] did or did not have in place" and still has "[no] information about whether [Chase] actually passed these charges on to the Government." Decision at 25. This Court correctly recognized that "the relevant question is not . . . whether [Chase was] 'on notice' that various law firms were inflating expenses (which they may have been)" but instead "whether and to what extent [Chase] did or did not monitor foreclosure costs." Decision at 24 n.8. Thus, Relator's inclusion of an allegation purporting to show notice that the Rosicki firm inflated expenses would add nothing to the relevant question.

To the extent that Relator intends to imply Chase settled the *Nowak* case out of concern that discovery would reveal a lack of oversight (or to imply that he was permitted to conduct discovery on Chase's oversight) of the Rosicki firm in the *Nowak* case, he is incorrect. *See* Br. at

19

14 (discussing "discovery against Chase").  The *Nowak* bankruptcy court refused this discovery. *In re Nowak*, No. 11-11080-CLB (Bankr. W.D.N.Y.), Dkt. No. 88 at 5.

### III.    THE POST-DISMISSAL DISCOVERY RELATOR SEEKS IS NOT A BASIS FOR RECONSIDERATION

Relator also argues that he has the right to amend after being given the opportunity to pursue discovery – discovery that he served only ***after*** the Servicer Defendants were dismissed from the case.  That discovery seeks documents produced by the Servicer Defendants to the Government during the course of the Government's investigation—documents that Relator has purportedly learned something about from the Government.  No law, however, supports granting reconsideration of a motion to dismiss so that a plaintiff can re-plead based on post-dismissal discovery.  Simply put, this Court could not have "overlooked" documents that Relator did not even have – and had not even requested – at the time the decision was rendered.  *See Rafter v. Liddle*, 288 F. App'x 768, 769 (2d Cir. 2008) (The court should "not consider facts not in the record to be facts that the court overlooked.").

Relator argues that, had he only known that the Court could dismiss this case with prejudice, he would have made a "formal motion" seeking discovery of the Government's "investigative materials."  Br. at 4.  But Relator already *did* seek these very investigative materials, for the very same purpose, and his request was denied.  Specifically, Relator served a document request on the Servicer Defendants just prior to the initial conference that sought all of the documents that had been produced by the Servicer Defendants to the Government during the investigation.  *See* April 17, 2018 Tr. at 16:8-17 ("[M]any – if not most – of the defendants have produced documents to the U.S. Attorney's Office already in response to civil investigative demand, etc.  We served document requests for that category of documents today. . . . [W]e'd ask

20

for, just as a compromise, if they be directed to immediately produce those documents already produced to the U.S. Attorney's Office to the plaintiffs."). The Court declined to exempt this category of documents from the discovery stay. *Id.* at 19:11-21. The Relator's most recent request to the Government therefore amounts to using a reconsideration motion as an end-run around the Court's ruling by seeking exactly the same documents from the Government that he previously, unsuccessfully sought from the Servicer Defendants. *See, e.g., Salveson*, 663 F. App'x at 75 (stressing that a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple") (citation omitted).

Relator claims that he previously failed to disclose that he supposedly relied on the Government's investigation out of "respect" for the Government's policy decision not to share the fruits of its investigation with relators. Br. at 5. But Relator's motion confirms that he was under no prohibition to alert the Court to these facts. Indeed, Relator could have made all of the arguments he now belatedly advances before, during, or after the briefing and argument on the motion to dismiss; but he chose to remain silent, likely for at least two strategic reasons. First, had Relator acknowledged to the Court that he was relying exclusively on the fruits of the Government's investigation, he would have contradicted his own allegation that he was an "original source" of information regarding the Servicer Defendants. *See U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 560 (8th Cir. 2006) (noting that relator's argument that he should be permitted to engage in discovery to satisfy Rule 9(b) "conflicts with his allegation [that] he is an 'original source'"). Second, had Relator disclosed that he needed documents from the Government to state a claim with particularity as against 7 of the Servicer Defendants, he would

21

have been tacitly admitting that he had no basis at all to sue *any* of the Servicer Defendants at the time he originally sued them, and even less of a basis to sue the other 9 Servicer Defendants, as to which Relator has now effectively dropped his claims.  An admission that he had no basis to sue these Servicer Defendants would have exposed Relator to an award of attorneys' fees to the prevailing defendants who were forced to incur substantial costs to defend against a suit that Relator now all but admits he had no factual basis to bring.[8]

Contrary to Relator's suggestion, no law supports Relator's attempt to replead at this stage based exclusively on discovery obtained from the Government.  *United States ex rel. Driscoll v. Serono Inc.*, No. 00 Civ. 11680 (GAO), 2008 WL 728939 (D. Mass. Mar. 18, 2008), is instructive.  There, as here, relators who had no insider knowledge of the defendants' business practices sought leave to amend their complaint based on documents that they had subpoenaed from the Justice Department.  The court refused to enforce the subpoena and denied leave to amend, explaining:

> Like any other stranger to the business of the pharmacy defendants, the relators are unable to make specific allegations about the defendants' submission of false claims without getting it somewhere else, such as from the DOJ. . . Since **the relators' subpoena duces tecum is for the purpose of developing the very details and specifics which should have been in their possession *before* the filing of the complaint**, the multiple motions to quash the subpoena duces tecum . . . are GRANTED.

> Without [that] discovery . . . there is no reason to expect that relators would be able to frame a Fifth Amended Complaint that contained enough particularity [under the governing standard].  Consequently, leave to amend further would not serve any legitimate purpose, and it is therefore DENIED.

---

[8]  The FCA authorizes an award of attorneys' fees to a prevailing defendant in a declined *qui tam* action such as this when the action is deemed frivolous.  *See* 31 U.S.C. § 3730(d)(4).

22

*Id.* at *3-4 (emphasis added). Here, as in *Driscoll*, Relator is a "stranger to the business" of the Servicer Defendants, and he now effectively concedes, as Driscoll did, that he cannot satisfy Rule 9(b) without documents from the Government. *Id.* Like the relator in that case, Relator here should have developed an adequate factual basis to sue the Servicer Defendants *before* he sued them, and he may not seek to do so now, for the first time, through discovery, which he served only *after* his lawsuit was dismissed.[9]

Indeed, courts have repeatedly held that a *qui tam* relator may not use discovery in an attempt to cure Rule 9(b) defects. *See, e.g., Wood ex rel. U.S. v. Applied Research Assocs., Inc.*, 328 F. App'x 744, 747 (2d Cir. 2009) ("[A relator's] contention, that discovery will unearth information tending to prove his contention of fraud, is precisely what Rule 9(b) attempts to discourage.") (internal quotation marks and citation omitted); *U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1313 n.24 (11th Cir. 2002) ("When a plaintiff does not specifically plead the minimum elements of their allegation, it enables them to learn the complaint's bare essentials through discovery and may needlessly harm a defendants' goodwill and reputation by bringing a suit that is, at best, missing some of its core underpinnings, and, at worst, are baseless allegations used to extract settlements."); *U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 231 (1st Cir. 2004) ("The reluctance of courts to permit qui tam relators to use discovery to meet the requirements of Rule 9(b) reflects, in part, a concern that a qui tam plaintiff, who has suffered no injury in fact, may be particularly likely to file suit as a pretext to uncover unknown wrongs.") (internal citations and quotation marks omitted) *abrogated on other grounds by Allison*

---

[9] Relator served his discovery requests on the Government on July 5, 2018—almost two weeks after the Court dismissed his claims against the Servicer Defendants.

*Engine Co. v. U.S. ex rel. Sanders*, 553 U.S. 662, 671 (2008).

The cases cited by Relator, Br. at 12-13, are inapposite.  None of these cases supports allowing a relator to resurrect a dismissed *qui tam* complaint based on documents that the relator hopes to obtain from the Government in the future.  To the contrary, each of these cases involved a plaintiff's attempt to amend a live complaint using documents that the relator had previously received from the Government.  And even then, the court did not permit amendment in all cases. In *U.S. ex rel. Banigan v. Organon USA Inc.*, No. 07 Civ. 12153 (RWZ), 2011 WL 794915 (D. Mass. Feb. 28, 2011), the court declined to rule on the relators' request to use information from documents obtained from the government, finding that the issue was not ripe. *Id*. at *1.  In *Vassallo v. Rural/Metro Corp.*, No. 15 Civ. 119 (PHX), 2017 WL 4570706 (D. Ariz. Oct. 5, 2017), the court denied the defendant's motion to strike portions of the relators' amended complaint that were based on information the relators obtained from the government.  But the court expressly noted that, unlike here, the information used to amend the relators' complaint was ***not*** a product of discovery, which had not yet commenced. *Id.* at *5.  In *U.S. ex rel. Underwood v. Genentech, Inc.*, 720 F. Supp. 2d 671 (E.D. Pa. 2010), the relator sought leave to amend his complaint, in order to include information that he had received from the government, ***before*** the defendant filed a motion to dismiss.  Moreover, unlike here, the court there found that the relator's operative complaint was sufficient to survive dismissal under Rule 9(b) even without the additional information obtained from the government, but nevertheless granted the relator leave to amend. *Id*. at 673.  Thus, Relator has identified no precedent for reviving a dismissed complaint at the mere possibility of obtaining additional documents from the Government.

24

## **CONCLUSION**

The Court should deny Relator's motion for reconsideration.

Dated:  July 25, 2018
        New York, New York

                       Respectfully submitted,

                       BUCKLEY SANDLER LLP

By:     */s/ Andrew W. Schilling*
          Andrew W. Schilling
          Ross E. Morrison
          John B. Williams III
          Brian J. Wegrzyn
          1133 Avenue of the Americas, Suite 3100
          New York, New York 10036
          Tel: (212) 600-2330
          Fax: (212) 600-2405
          aschilling@buckleysandler.com
          rmorrison@buckleysandler.com
          jwilliams@buckleysandler.com
          bwegrzyn@buckleysandler.com

          *Attorneys for Defendants Flagstar Bank, FSB, Nationstar Mortgage LLC, and U.S. Bank N.A.*

                       MAYER BROWN LLP

By:     */s/ Daniel Stein*
          Daniel Stein
          1221 Avenue of the Americas
          New York, New York 10020
          Tel: (212) 506-2646
          Fax: (212) 849-5573
          dstein@mayerbrown.com

          *Attorneys for Citigroup Inc., Citibank, N.A., and CitiMortgage, Inc.*

25

MORGAN, LEWIS & BOCKIUS LLP

By:   */s/ Kelly A. Moore*
      Kelly A. Moore
      101 Park Avenue
      New York, New York 10178
      Tel: (212) 309-6000
      Fax: (212) 309-6001
      kellymoore@morganlewis.com

By:   */s/ Eric W. Sitarchuk*
      Eric W. Sitarchuk (*pro hac vice*)
      1701 Market Street
      Philadelphia, PA 19103
      Tel. (215) 963-5840
      Fax: (215) 963-5001
      eric.sitarchuk@morganlewis.com

      *Attorneys for Defendants J.P. Morgan Chase & Co. and JPMorgan Chase Bank N.A.*

SHEARMAN & STERLING LLP

By:   */s/ Adam S. Hakki*
      Adam S. Hakki
      John Nathanson
      Jeffrey J. Resetarits
      599 Lexington Avenue
      New York, New York 10022
      Tel: (212) 848-4000
      Fax: (646) 848-4924
      adam.hakki@shearman.com
      john.nathanson@shearman.com
      jeffrey.resetarits@shearman.com

      *Attorneys for Defendant Bank of America, N.A.*

WINSTON & STRAWN LLP

By:  */s/ Luke A. Connelly*
  Luke A. Connelly
  200 Park Avenue
  New York, New York 10166
  Tel: (212) 294-6882
  Fax: (212) 294-4700
  lconnelly@winston.com

  *Attorneys for Defendant Wells Fargo & Co.*


## FILER'S ATTESTATION

I, Andrew W. Schilling, attest that all other signatories listed, and on whose behalf this document is submitted, concur in the document's content and have authorized its filing and the placement of their electronic signatures above.

By:  /s/ Andrew W. Schilling
  Andrew W. Schilling