```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA ex rel.    :
PETER D. GRUBEA,                    :        12-cv-7199 (JSR)
                                    :
          Plaintiff,                :
                                    :
          -v-                       :
                                    :
ROSICKI, ROSICKI & ASSOCIATES,      :
P.C., PARAMOUNT LAND, INC.,         :
THRESHOLD LAND INC., ENTERPRISE     :
PROCESS SERVICE, INC., MCCABE,      :
WEISBERG, & CONWAY, P.C., ATTORNEY  :
OUTSOURCING SUPPORT SERVICES, INC., :
REO AMERICA ABSTRACT, INC., CENLAR  :
FSB, CITIGROUP, INC., CITIBANK,     :
N.A., CITIMORTGAGE, INC., DITECH    :
FINANCIAL LLC, EVERHOME MORTGAGE    :
COMPANY, EVERBANK FSB, FLAGSTAR     :
BANK, FSB, GREEN TREE CREDIT, JAMES :
B. NUTTER & CO., METLIFE BANK,      :
N.A., NATIONSTAR MORTGAGE LLC,      :
ONEWEST BANK FSB, PHH MORTGAGE      :
CORPORATION, PNC BANK, FSB,         :
SUNTRUST MORTGAGE, INC., U.S.       :
BANK, N.A., and WELLS FARGO & CO.,  :
                                    :
          Defendants.               :
------------------------------------x
UNITED STATES OF AMERICA,           :
                                    :
          Plaintiff-Intervenor,     :
                                    :
          -v-                       :
                                    :
ROSICKI, ROSICKI & ASSOCIATES,      :
P.C., ENTERPRISE PROCESS SERVICE,   :
INC., PARAMOUNT LAND, INC.,         :
                                    :
          Defendants.               :
------------------------------------x
UNITED STATES OF AMERICA ex rel.    :
PETER D. GRUBEA,                    :        13-cv-1467 (JSR)
                                    :
          Plaintiff,                :
```

USDC SD · .
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____

```
                                        :
        -v-                             :
                                        :
BANK OF AMERICA CORPORATION, BANK       :
OF AMERICA, N.A., J.P. MORGAN CHASE     :
& CO., and JPMORGAN CHASE BANK,         :       OPINION AND ORDER
N.A.,                                   :
                                        :
        Defendants.                     :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

By Opinion and Order dated June 23, 2018, this Court, inter alia, dismissed with prejudice all claims filed in "qui tam" actions on behalf of the United States of America by Peter D. Grubea ("Relator") against mortgage servicers Bank of America Corporation, Bank of America, N.A. (collectively, "Bank of America"); Cenlar FSB; Citigroup Inc., Citibank, N.A., and CitiMortgage, Inc. (collectively, "Citi"); Ditech Financial LLC; EverHome Mortgage Company and EverBank FSB (collectively, "EverBank"); Flagstar Bank, FSB ("Flagstar"); Green Tree Credit; James B. Nutter & Co.; J.P. Morgan Chase & Co, JPMorgan Chase Bank, N.A. (collectively, "JPMorgan Chase");MetLife Bank, N.A.; Nationstar Mortgage LLC; OneWest Bank FSB ("One West"); PHH Mortgage Corporation ("PHH"), PNC Bank, FSB ("PNC"); SunTrust Mortgage, Inc.; U.S. Bank N.A.; and Wells Fargo & Co ("Wells Fargo"). Dkt. 180. Now before the Court is Relator's motion for reconsideration of the dismissal with prejudice and permission to replead as to seven of the servicers: Bank of America, Citi, Flagstar, JP Morgan Chase, Nationstar, U.S. Bank N.A., and Wells

2

Fargo (collectively, "Servicer Defendants"). Dkt. 182. Servicer Defendants oppose. Dkt. 188.

The Court here assumes familiarity with the underlying facts, which are laid out in the Opinion and Order dated June 23, 2018. Dkt. 180. In brief, Relator alleges that Servicer Defendants submitted claims for reimbursement of foreclosure expenses to the Federal National Mortgage Association ("Fannie Mae"), the Federal Home Loan Mortgage Corporation ("Freddie Mac") and the Federal Housing Administration ("FHA"), in violation of those entities' rules prohibiting reimbursement of unreasonable and unnecessary costs and requiring servicers to engage in oversight to reduce the risk of such claims. Specifically, Relator asserts that the Servicer Defendants violated the False Claims Act ("FCA") by submitting false claims to Fannie Mae, Freddie Mac, and FHA in violation of 31 U.S.C. § 3729(a)(1)(A) ("False Claims"), making false statements to Fannie Mae, Freddie Mac, and FHA in violation of 31 U.S.C. § 3729(a)(1)(B) ("False Statements"), and submitting false claims to Fannie Mae and Freddie Mac "Reverse False Claims"), causing Fannie Mae and Freddie mac to pay the United States less than what the United States would have otherwise been entitled to receive in violation of 31 U.S.C. § 3729(a)(1)(C) ("False Claims Conspiracy"). See Third Amended Complaint ¶¶ 495-502, 511-513,

3

Dkt. 29; Second Amended Complaint, ¶¶ 353-360, 364-366, Dkt. 28, No 13. Civ. 1467.

Servicer Defendants moved to dismiss with prejudice the claims against them under Rule 9(b), Fed. R. Civ. P., on the ground that Relator failed to adequately allege scienter. See Memorandum of Law in Support of the Servicer Defendants' Motion to Dismiss the Complaint, Dkt 124; United States ex rel. Tessler v. City of New York, 14-cv-6455, 2016 WL 7335654, at *5 (S.D.N.Y. Dec. 16, 2016) ("[U]nder Rule 9(b), the proponent of an FCA claim must allege facts that give rise to a strong inference of fraudulent intent"), aff'd, 712 F. App'x 27 (2d Cir. 2017). Further, the Court agreed, finding that Relator's allegations of intent were "based on little more than conjecture." Opinion & Order dated June 23, 2018, at 26, Dkt. 180. Further, the Court dismissed the claims with prejudice, finding that Relator "has had ample opportunity to plead every possible factual basis for scienter, and was not able, even at oral argument, to provide more" than what was found insufficient to satisfy Rule 9(b). Id. at 27.

For the reasons set forth below, the Court denies Relator's motion for reconsideration of this decision.

"Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."

4

Melnitzky v. Rose, 305 F. Supp. 2d 349, 350 (S.D.N.Y. 2004).[1]
Under Local Civil Rule 6.3, which governs motions for
reconsideration, the standard for granting a motion for
reconsideration is "strict" and "reconsideration will generally
be denied unless the moving party can point to controlling
decisions or data that the court overlooked - matters, in other
words, that might reasonably be expected to alter the conclusion
reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d
255, 257 (2d Cir. 1995). A motion for reconsideration "is not a
vehicle for relitigating old issues, presenting the case under
new theories, securing a rehearing on the merits, or otherwise
taking a second bite at the apple." Analytical Surveys, Inc. v.
Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012), as amended
(July 13, 2012).

Relator argues that dismissal of his claims with prejudice
"conflict[s] with controlling precedent" as "[c]omplaints
dismissed under Rule 9(b) are almost always dismissed with leave
to amend." Relator's Memorandum of Law in Support of his Motion
for Reconsideration ("Rel. Memo.") at 7 (quoting Pasternack v.
Shrader, 863 F.3d 162, 175 (2d Cir. 2017)), Dkt. 183. The words
"almost always" are key here. While it is true that "where [a]
complaint is deficient under Rule 9(b), leave to amend is

---

[1]Unless otherwise indicated, case quotations omit all internal
quotation marks, alterations, footnotes, and citations.

5

usually afforded," Official Publ'ns, Inc. v. Kable News Co., 884 F.2d 664, 669 (2d Cir. 1989) (emphasis added), "the decision of whether to allow plaintiffs to amend their complaint is left to the sound discretion of the district court." Acito v. IMCERA Grp., 47 F.3d 47, 55 (2d Cir. 1995) (emphasis added). The only limitation on the district court's discretion is that it acts with "good reason." Id. "One good reason to deny leave to amend is when such leave would be futile." Id.

Courts have regularly found amendment futile and dismissal with prejudice appropriate where a relator has failed to meet Rule 9(b)'s requirements despite previous opportunities for amendment. See, e.g., U.S. ex. rel. Bilotta v. Novartis Pharms. Corp., 50 F. Supp. 3d 497, 553 (S.D.N.Y. 2014) (dismissing relator's claims with prejudice where relator's "failure to adequately plead false claims in four complaints reflects an inability to do so"); U.S. ex rel. Pervez v. Beth Isr. Med. Ctr., 736 F. Supp. 2d 804, 816 (S.D.N.Y. 2010) (Dismissing relator's claims under Rule 9(b) with prejudice for failure to plead scienter where relator had "previous opportunities to amend the pleadings."). In this case, Relator had already amended his claims against Servicer Defendants three times in his original action, and brought a second action against additional Servicer Defendants and amended those claims once as well. Additionally, at an initial conference before the Court,

the Court specifically offered the relator yet another
opportunity to amend to satisfy the particularity requirements
of 9(b). See Apr. 17, 2018 Tr. at 6:25 - 7:1-3 ("[Y]ou know that
they are going to make a motion to dismiss based on 9(b)....So
if you wanted to replead with particularity, why can't you do it
now?"). Relator declined to amend, and affirmed to the Court
that he "want[ed] to take [his] chances" with his current
complaints. Id. at 7:4-10.[2] After these numerous opportunities
for amendment, the Court acted well within its discretion in
finding that Relator's failure to plead scienter suggested an
inability to do so justifying dismissal with prejudice.

    Moreover, mere disagreement with a discretionary decision
made for good cause is not equivalent to "an intervening change
of controlling law...or the need to correct a clear error"
sufficient to justify reconsideration. Virgin Atl. Airways, Ltd.
v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).

_____

[2] Relator argues that he only declined to amend his claims then
because he believed the Court had guaranteed him an opportunity
to amend later. Specifically, Relator cites the Court's comments
earlier in the colloquy that the Court "would be not quite
compelled - but close to it - to grant leave to file an
additional complaint" and that "the likelihood is extremely high
that I would allow repleading" if the claims were dismissed for
failure to satisfy Rule 9(b). See Rel. Memo at 4 (citing Apr.
17, 2018 Tr. at 4:4-16; 12:14-20). As this language makes clear,
this was an expression of likelihood, not a guarantee, and
thereafter Relator explicitly chose to "take [his] chances" on
the present complaint rather than amend it, as the Court
proposed. Apr. 17, 2018 Tr. at 7:1-10.

7

There has been no such change or error here. The Court acted in full awareness of circuit precedent governing dismissal of claims based on Rule 9(b). See Apr. 17, 2018 Tr. at 6:11-16 (discussing the "law of the Second Circuit" on leave to replead following Rule 9(b) dismissals). While Relator argues that "[t]he Circuit has frequently reversed denials of leave to submit amendments aimed at satisfying Rule 9(b)," Rel. Memo. at 7, the two cases that Relator relies upon are clearly distinguishable. In Wight v. BankAmerica Corp., 219 F.3d 79 (2d Cir. 2000), the Second Circuit did reverse a district court's dismissal with prejudice for failure to plead scienter adequately - but upon a finding that the facts pled were sufficient under Rule 9(b) and that the defendant "had both a clear opportunity and strong financial motive" for involvement in the fraud. Id. at 92. In Olsen v. Pratt & Whitney Aircraft, 136 F.3d 273, 276 (2d Cir. 1998), the Second Circuit found that, while the complaint failed to satisfy Rule 9(b), plaintiff should have the opportunity to amend as the deficiencies in the complaint "obscure[d] the contours of th[e] fraud claim" and "whether [plaintiff] can actually sufficiently plead his claim." Id. at 276. In this case, the claim was clear, but Relator could not adequately plead it.

Relator argues that the Court's decision to dismiss with prejudice is not entitled to the deferential standard employed

on a motion for reconsideration as dismissal with prejudice was
not briefed. Relator cites no Second Circuit case law in support
of this argument. Moreover, Relator was the one who failed to
brief any opposition to dismissal with prejudice or to request
leave to amend. See Memorandum of Law in Opposition to
Defendants' Motions to Dismiss, Dkt. 150. The Second Circuit has
held that it "will not deem it an abuse of the district court's
discretion to order a case closed when leave to amend has not
been sought." Campo v. Sears Holdings Corp., 371 Fed. Appx. 212,
218 (2d Cir. 2010) (affirming a dismissal with prejudice where
plaintiff did not request leave to amend in their opposition to
the motion to dismiss). Relator failed to do this despite ample
notification that Servicer Defendants sought dismissal with
prejudice. See Memorandum of Law in Support of the Servicer
Defendants' Motion to Dismiss the Complaint, at 45, Dkt. 124
("Dismissal should be with prejudice because further amendment
would be futile"); Reply Memorandum of Law in Further Support of
the Servicer Defendants' Motion to Dismiss the Complaint, at 20,
Dkt. 158("The Court should dismiss the Complaint as against the
Servicer Defendants with prejudice."). Servicer Defendants had
also previously argued in their joint submission to the Court in
advance of the initial conference that Relator should not be
allowed to file another amended complaint. See Joint Letter to
the Court dated Apr. 12, 2018, at 2.

Separately, Relator's motion for reconsideration lacks merit because it is essentially a renewal of a request for discovery that this Court has already denied. Relator's motion provides no information illustrating how he could replead with sufficient specificity to meet the particularity requirement; instead, Relator argues that he *could* replead with sufficient specificity for Rule 9(b) *if* he can obtain limited discovery from the Government related to the Servicer Defendants. Relator made the same request for limited discovery before the initial conference with the Court. See Apr. 17, 2018 Tr. at 16:6-17. The Court denied it then, staying all discovery pending a decision on the motions to dismiss. Id. at 19:20-21. Relator acknowledges that he "did not press the issue further at the time," but now, in hindsight, argues that he "would have made a formal motion then for a limited exception to the discovery stay" if he had realized his claims might be dismissed with prejudice. Rel. Memo. at 4. However, hindsight is not a ground for reconsideration; it is an instance of the exact type of "taking a second bite at the apple" that the Second Circuit has emphasized does not justify reconsideration. Analytical Surveys, 684 F.3d at 52.

Relator argues that he is entitled to use government information to amend his complaint. However, in each of these cases he cites to in support of this argument, the relator's

10

claims had not been dismissed and relator already possessed the information from the government to be used in the amendment. See Vasallo v. Rural/Metro Corp., No. 15-cv-00119, 2017 U.S. Dist. LEXIS 175085 (D. Ariz. Oct. 5, 2017) (allowing use of government information that was not obtained through discovery to amend a complaint where no Rule 9(b) dismissal was pending); United States ex rel. Banigan v. Organon USA, Inc., No. 07-cv-12153, 2011 U.S. Dist. LEXIS 26159 (D. Mass. Feb. 28, 2011) (finding no general rule against amending a complaint with government information where no discovery is required but not ruling on it in the case at issue); U.S. ex rel. Underwood v. Genentech, Inc., 720 F. Supp. 2d 671 (E.D. Pa. 2010) (allowing amendment based on subpoena to government that court had approved where information received before motion to dismiss filed and complaint found sufficient under Rule 9(b)).

None of these cases stands for the principle that a relator can seek discovery in order to amend claims that have been dismissed. To the contrary, the Second Circuit has held that relators are not entitled to discovery to cure inability to meet Rule 9(b)'s particularity requirements. See Wood ex rel. U.S. v. Applied Research Assocs., Inc., 328 F. App'x 744, 747 (2d Cir. 2009) ("A relator's contention, that discovery will unearth information tending to prove his contention of fraud, is precisely what Rule 9(b) attempts to discourage."); see also

11

U.S. ex rel. Raffington v. Bon Secours Health Sys., 285 F. Supp. 3d 759, 774 (S.D.N.Y. 2018) ("[A] party who cannot meet the pleading requirements of Rule 9(b) is not entitled to discovery in order to flesh out the missing elements.").[3]

Relator's separate argument that he should be given leave to amend as to JPMorgan Chase similarly fails. Relator seeks to amend on the basis of conversations he had with outside counsel for Chase surrounding a brief that relator submitted in a bankruptcy case in January 2012. To qualify as a ground for reconsideration, new evidence must have been "not previously available" to the movant. Almaty, Kaz. v. Ablyazov, No. 15-cv-5345, 2017 U.S. Dist. LEXIS 138231, at *8 (S.D.N.Y. Aug. 7, 2017). Relator does not offer any explanation of why the Court should reconsider its decision to dismiss with prejudice based on evidence that relator had available to him since 2012, and could have included in his earlier amendments.

―――――――――

[3]Moreover, Relator fails even to satisfactorily establish that discovery could enable him to cure the defects of his complaint, beyond making conclusory statements, such as that he "understands the Government to possess" "facts regarding Defendants actual servicing practices" that would make amendment "not be futile." Rel. Memo. at 11. These statements are insufficient to explain how amendment could affect the Court's conclusion that relator could not establish a basis to infer scienter such that leave to amend would be warranted, even if discovery was permissible. See Campo, 371 Fed. Appx. at 218 (holding plaintiffs' "conclusory" assertions that they could plead scienter based on new testimony and evidence did not provide adequate "explanation of what they would allege in an amended complaint to save their claims").

For the foregoing reasons, defendants' motion for reconsideration is denied. The Clerk is directed to close the entry at docket number 182.

SO ORDERED.

Dated: New York, NY
       August /4, 2018

JED S. RAKOFF, U.S.D.J.