**FOR SETTLEMENT PURPOSES ONLY**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. PETER D. GRUBEA,<br><br>*Plaintiffs,*<br><br>v.<br><br>ROSICKI, ROSICKI & ASSOCIATES, P.C., PARAMOUNT LAND, INC., THRESHOLD LAND INC., ENTERPRISE PROCESS SERVICE, INC., et al.,<br><br>*Defendants.* | **STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL**<br><br>12 Civ. 7199 (JSR) |

WHEREAS, this Stipulation and Order of Settlement and Dismissal (this "Stipulation"), is entered into by and between Peter D. Grubea ("Grubea"), on the one hand, and Rosicki, Rosicki & Associates, P.C. (the "Rosicki Firm"), Paramount Land, Inc. ("Paramount"), Threshold Land Inc., and Enterprise Process Service, Inc. ("Enterprise") (collectively, the "Rosicki Defendants") and their principals, Thomas Rosicki and Cynthia Rosicki (the "Rosicki Principals"), on the other hand (collectively "the Parties").

WHEREAS, Grubea commenced and prosecuted the above-captioned *qui tam* action against the Rosicki Defendants under the False Claims Act, 31 U.S.C. § 3730(b) (the "Litigation");

WHEREAS, on or about April 4, 2018, the United States of America (the "Government") filed a Notice of Election to Intervene in Part and Decline Intervention in Part [Dkt. No. 33] (the "Intervention and Declination Notice"), wherein the Government advised the Court "of its intention to intervene and proceed with this action as against defendants Rosicki, Rosicki & Associates P.C.; Paramount Land, Inc; and Enterprise Process Service Inc. . . . in connection

with the relator's allegations of false claims submitted to the Federal National Mortgage Association."

WHEREAS, within the same Intervention and Declination Notice, the Government advised the Court "of its decision not to intervene as to the Rosicki Defendants based on relator's allegations of false claims submitted to the Federal Housing Administration of the United States Department of Housing and Urban Development and the Federal Home Loan Mortgage Corporation," as well as "it decision not to intervene as to all claims asserted by the relator against . . . Threshold Land, Inc."

WHEREAS, following the submission of the Intervention and Declination Notice, the Government asserted certain claims against the Rosicki Defendants in an Amended Complaint [Dkt. 184] (the "Government Complaint"), and Grubea asserted certain claims against the Rosicki Defendants in a Fourth Amended Complaint [Dkt. No. 185] ("Grubea's Complaint").

WHEREAS, under the False Claims Act, the Government has "the primary responsibility for prosecuting" all claims against the Rosicki Defendants within the Government Complaint, 31 U.S.C. § 3730(c)(1) (with all claims prosecuted by the Government herein known as "Government Claims"), and Grubea has the "right to the conduct the action" to the extent that claims against the Rosicki Defendants within Grubea's Complaint are not prosecuted by the Government, 31 U.S.C. § 3730(c)(3) (with all claims stated in the Grubea Complaint but not prosecuted by the Government herein known as "Grubea's Claims").

WHEREAS, the Parties recognize that the Government and the Rosicki Firm, Paramount and Enterprise have entered into a Stipulation and Proposed Order of Settlement and Dismissal ("Government Settlement") in connection with the Government Complaint.

WHEREAS, Grubea and the Rosicki Defendants seek to resolve Grubea's Claims against the Rosicki Defendants, without resolving or prejudicing either the Government Claims or the Rosicki Defendants' ability to defend against the Government Claims.

WHEREAS, this Stipulation constitutes neither an admission of liability by the Rosicki Defendants nor a concession by Grubea that the claims are not well founded;

WHEREAS, the Parties have presented this Stipulation to the Government, and the Government has confirmed that it has no objection and will provide written consent to dismissal to the extent required by 31 U.S.C. § 3730(b)(1);

WHEREAS, the Parties have reached a mutually agreeable resolution through this Stipulation.

NOW, THEREFORE, to avoid delay, uncertainty, inconvenience of protracted litigation, and in consideration of the payment, releases and covenants set forth herein, and for other good and valuable consideration, which each of the Parties agree is sufficient, upon the Parties' agreement, IT IS HEREBY ORDERED that:

## TERMS AND CONDITIONS

1.  **Payment to the Government**.  The Rosicki Defendants shall jointly and severally pay the Government $1,518,000 ("Settlement Payment") within thirty days of the Effective Date of the Government Settlement.  The Rosicki Defendants shall make such payment(s) to the Government according to instructions provided by the Office of the U.S. Attorney for the Southern District of New York.  The entire Settlement Payment constitutes restitution within the meaning of Internal Revenue Code § 162(f)(2)(A)(i).

2.  **Payment to Grubea's Counsel.**  Upon any Government Recovery, and notwithstanding the prior dismissal of Grubea's Claims under this Stipulation, the Rosicki

3

Defendants and the Rosicki Principals shall pay Grubea's attorneys all reasonable attorneys' fees and costs relating to any Grubea Claims against the Rosicki Defendants, using the standards set out in 31 U.S.C. § 3730(d). Attorney's fees and costs payable under this paragraph shall not include any fees and costs incurred solely with respect to the investigation or prosecution of claims against a defendant other than the Rosicki Defendants. If the Parties are unable to agree on the fees and costs due under this Stipulation, they shall apply any ruling by the Court as to fees and costs due under 31 U.S.C. § 3730(d) relating to the Government Claims. The Rosicki Defendants and the Rosicki Principals shall be jointly and severally liable for any fees and costs owed by any Rosicki Defendant under this Stipulation.

3. **Release by Grubea**. Conditioned upon the Rosicki Defendants' full compliance with the terms of this Stipulation, and excluding any Government Claims, Grubea, for himself and his heirs, successors, and assigns, releases the Rosicki Defendants and their respective subsidiaries, corporate predecessors, corporate successors, employees, agents, and attorneys, as well as the Rosicki Principals and their heirs, successors, attorneys, agents, and assigns from any and all claims Relator has asserted, or could have asserted, or may assert in the future for the conduct alleged in Grubea's Complaint, including without limitation any claims Grubea has on behalf of the Government for the conduct alleged in Grubea's Complaint. This release does not extend to any Government Claim. Moreover, nothing in this release precludes Grubea from seeking to recover attorneys' fees and costs pursuant to 31 U.S.C. § 3730(d). This release originates from common trade or routine trade and business activities.

4. **Release by the Rosicki Defendants and the Rosicki Principals**. Conditioned upon Grubea's full compliance with the terms of this Stipulation, the Rosicki Defendants and the Rosicki Principals release Grubea and his heirs, successors, attorneys, agents, and assigns from

4

any and all claims that the Rosicki Defendants or the Rosicki Principals have asserted, or could have asserted, or may assert in the future related to the conduct alleged in the Litigation, or arising out of or in any manner based on the Litigation.

5.      **Dismissal.**  In consideration of the obligations of the Rosicki Defendants and the Rosicki Principals set forth in this Stipulation, and conditioned upon the Rosicki Defendants' and the Rosicki Principals' full compliance with the terms of this Stipulation, and subject to Grubea's right to seek a share of each Settlement Payment from the Government pursuant to 31 U.S.C. § 3730(d), Grubea shall dismiss with prejudice Grubea's Claims against the Rosicki Defendants simultaneous with the filing of this Stipulation.  However, the Court shall retain jurisdiction over this Stipulation and over each Party to enforce the obligations of each Party under this Stipulation, as well as to resolve any dispute concerning any claim Grubea may assert for attorneys' fees and costs or a share of any Settlement Payment under 31 U.S.C. § 3730(d).

6.      **Governing Law.**  This Stipulation shall be governed by the laws of the United States and the State of New York.  Grubea and the Rosicki Defendants and the Rosicki Principals consent to jurisdiction and venue for any dispute relating to this Stipulation in this Court.  For purposes of construing this Stipulation, this Stipulation shall be deemed to have been drafted by all Parties to this Stipulation and shall not, therefore, by construed against any Party in any subsequent dispute.

7.      **Entire Agreement**.  This Stipulation constitutes the complete agreement between the Parties.

8.      **Modification.**  This Stipulation may not be amended except by written consent of the Parties.

9.     **Execution.**  This Stipulation may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Stipulation.  Facsimiles and scanned signatures shall constitute acceptable, binding signatures.

10.     **Not contingent**.  This Stipulation is effective between the Parties as of the date of the last Party's signature below.  Each of the Parties agrees to support entry of this Stipulation by the Court in the form of a so-ordered stipulation.  However, the Parties further agree that the obligations in this Stipulation above are not contingent upon any action by any other person or entity, including any statement by the Government or entry of this Stipulation by the Court, and each Party to this Stipulation shall abide by its respective obligations under this Stipulation to the full extent within its legal control.


**SO ORDERED.**

_____
HON. JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

7307187_1

**Agreed to by:**

*Peter Grubea*:

Dated: November 27, 2018

_____
Peter Grubea

*Rosicki, Rosicki & Associates, P.C.:*

Dated: November ___, 2018

_____

Name: _____

Title: _____

*Paramount Land, Inc.:*

Dated: November ___, 2018

_____

Name: _____

Title: _____

*Threshold Land Inc.:*

Dated: November ___, 2018

_____

Name: _____

Title: _____

7

**Agreed to by:**

*Peter Grubea***:**

Dated: November ___, 2018

_____
Peter Grubea

*Rosicki, Rosicki & Associates, P.C.***:**

Dated: November ___, 2018

Name: _____

Title: _____

*Paramount Land, Inc.***:**

Dated: November ___, 2018

Name: _____

Title: _____

*Threshold Land Inc.***:**

Dated: November ___, 2018

Name: _____

Title: _____

7

7307187_1

*Enterprise Process Service, Inc.:*

Dated: November 26 2018

Name: _____THOMAS P. ROSICKI_____

Title: _____PRESIDENT_____

*Thomas Rosicki:*

Dated: November 26 2018

Thomas Rosicki

*Cynthia Rosicki:*

Dated: November ___, 2018

Cynthia Rosicki

8