UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* PETER D. GRUBEA,<br><br>Plaintiff,<br><br>v.<br><br>ROSICKI, ROSICKI & ASSOCIATES, P.C., *et al.*,<br><br>Defendants. | 12 Civ. 7199 (JSR)<br><br>**STIPULATION AND ORDER OF SETTLEMENT AND RELEASE BETWEEN THE UNITED STATES AND RELATOR** |

WHEREAS, this Stipulation and Order of Settlement and Release (the "Relator Stipulation") is entered into between the United States of America (the "United States"), by its attorney Geoffrey S. Berman, United States Attorney for the Southern District of New York, and relator Peter D. Grubea ("Relator" and, together with the United States, the "Parties"), through his counsel;

WHEREAS, on or about September 24, 2012, Relator filed a complaint in the above-captioned action (the "Relator Action") in the United States District Court for the Southern District of New York (the "Court") against more than 20 defendants under the *qui tam* provisions of the False Claims Act, as amended, 31 U.S.C. § 3729 *et seq.* (the "FCA");

WHEREAS, on or about February 28, 2013, Relator filed a First Amended Complaint in the Relator Action, which, among other things, named Cenlar FSB ("Cenlar"), Everhome Mortgage Company and Everbank FSB (now known as TIAA FSB, doing business as TIAA Bank) ("TIAA"), Flagstar Bank, FSB ("Flagstar"), James B. Nutter & Company ("James B Nutter"), MetLife Bank, N.A. ("MetLife"), Nationstar Mortgage LLC ("Nationstar"), PHH Mortgage

Corporation ("PHH Mortgage"), Suntrust Mortgage, Inc. (now known as Truist Bank) ("Truist"), and U.S. Bank, N.A. ("U.S. Bank") as defendants in the Relator Action;

WHEREAS, Relator filed subsequent amended complaints on or about June 27, 2014 (Second Amended Complaint), and April 3, 2018 (Third Amended Complaint), each of which continued to assert claims against Cenlar, TIAA, Flagstar, James B. Nutter, MetLife, Nationstar, PHH Mortgage, Truist, and U.S. Bank, among other defendants;

WHEREAS, on or about February 13, 2018, the United States filed a Notice of Election to Intervene in Part and Decline Intervention in Part, in which the United States notified the Court of its decision not to intervene in the Relator Action as to Relator's claims against Cenlar, TIAA, Flagstar, James B. Nutter, MetLife, Nationstar, PHH Mortgage, Truist, and U.S. Bank;

WHEREAS, by opinion and order entered June 26, 2016 (the "Dismissal Order"), the Court dismissed all of Relator's claims in the Relator Action against Cenlar, TIAA, Flagstar, James B. Nutter, MetLife, Nationstar, PHH Mortgage, Truist, and U.S. Bank, with prejudice;

WHEREAS, on or about January 2, 2019, Relator filed a notice of appeal as to Relator's claims against Cenlar, TIAA, Flagstar, James B. Nutter, MetLife, Nationstar, PHH Mortgage, Truist, and U.S. Bank;

WHEREAS, in March and April 2020, Relator entered into settlement agreements with Cenlar, TIAA, Flagstar, James B. Nutter, MetLife, Nationstar, PHH Mortgage, Truist, and U.S. Bank resolving Relator's claims against Cenlar, TIAA, Flagstar, James B. Nutter, MetLife, Nationstar, PHH Mortgage, Truist, and U.S. Bank, in the Relator Action (the "Settlement Agreements"), which provided for, among other things, payments by Cenlar, TIAA, Flagstar, James B. Nutter, MetLife, Nationstar, PHH Mortgage, Truist, and U.S. Bank, collectively to the

United States in the amount of $250,000 (Two Hundred and Fifty Thousand Dollars) (the "Settlement Amount");

WHEREAS, the Relator has asserted that, pursuant to 31 U.S.C. § 3730(d)(l), he is entitled to receive a portion of the Settlement Amount (the "Relator Share Claim"); and

WHEREAS, the Parties mutually desire to reach a full and final compromise of the Relator Share Claim pursuant to the terms set forth below.

NOW, THEREFORE, in reliance on the representations contained herein and in consideration of the mutual promises, covenants, and obligations in this Relator Stipulation, and for good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1. Contingent upon receipt by the United States of full payment due to the United States pursuant to each Settlement Agreement, the United States will pay Relator, c/o Harter, Secrest & Emery LLP, as attorneys for Relator ("Relator's Counsel"), 30 percent (30%) of each such payment, for a total of $75,000 (Seventy Five Thousand Dollars), in accordance with written instructions provided by Relator's Counsel within a reasonable time after the United States' receipt of each such payment. The obligation to make each payment to the Relator under this Paragraph is expressly conditioned on, and only arises with, the receipt by the United States of full payment from Cenlar, TIAA, Flagstar, James B. Nutter, MetLife, Nationstar, PHH Mortgage, Truist, and U.S. Bank as set forth in the Settlement Agreements. In the event that Cenlar, TIAA, Flagstar, James B. Nutter, MetLife, Nationstar, PHH Mortgage, Truist, and U.S. Bank fails to make any payment required by the Settlement Agreements, the United States shall have no obligation to make a corresponding payment to the Relator.

2. Relator, for himself and his heirs, successors, attorneys, agents and assigns, agrees that this settlement is fair, adequate, and reasonable under all circumstances, and will not challenge the Settlement Agreements, including but not limited to the Settlement Amount, pursuant to 31 U.S.C. § 3730(c)(2)(B) or other applicable law, and expressly waives the opportunity for a hearing on any such objection, pursuant to 31 U.S.C. § 3730(c)(2)(B) or other applicable law.

3. In agreeing to accept payment of the Relator's share set forth in Paragraph 1 above, and upon payment thereof, Relator, for himself and his heirs, successors, attorneys, agents and assigns, releases and is deemed to have released and forever discharged the United States and its agencies, officers, employees, servants, and agents from any claim for a share of any proceeds of the Settlement Agreement pursuant to 31 U.S.C. § 3730 or other applicable law, and from any and all claims against the United States and its agencies, officers, employees, servants, and agents arising from or relating to the Settlement Agreement or any claim against Cenlar, TIAA, Flagstar, James B. Nutter, MetLife, Nationstar, PHH Mortgage, Truist, and U.S. Bank in the Relator's Action.

4. This Relator Stipulation does not resolve or in any manner affect any claims the United States has or may have against Relator arising under Title 26, U.S. Code (Internal Revenue Code), or any claims that the Parties may have arising under this Relator Stipulation.

5. This Relator Stipulation shall inure to the benefit of and be binding only on the Parties, their successors, assigns and heirs.

6. This Relator Stipulation shall become final, binding, and effective only upon entry by the Court.

7. This Relator Stipulation constitutes the entire agreement of the Parties with respect to the subject matter of this Relator Stipulation and may not be changed, altered, or modified,

except by a written agreement signed by the Parties specifically referring to this Relator Stipulation.

8. This Relator Stipulation is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Relator Stipulation is the United States District Court for the Southern District of New York. For purposes of construing this Relator Stipulation, this Relator Stipulation shall be deemed to have been drafted by all Parties to it and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

9. This Relator Stipulation may be executed in counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement.

Dated: May 5, 2020  
New York, New York

GEOFFREY S. BERMAN  
United States Attorney  
Southern District of New York

By: _/s/ Andrew Krause_  
ANDREW E. KRAUSE  
Assistant United States Attorney  
86 Chambers Street, 3rd Floor  
New York, New York 10007  
Telephone: (212) 637-2769  
Facsimile: (212) 637-2786

Dated: May 5, 2020

HARTER SECREST & EMERY LLP

By: _____  
BRIAN M. FELDMAN  
1600 Bausch & Lomb Place  
Rochester, New York 14604  
BFeldman@hselaw.com  
Telephone: (585) 231-1201  
Facsimile: (585) 232-2152

*Attorneys for the Relator*

except by a written agreement signed by the Parties specifically referring to this Relator Stipulation.

8. This Relator Stipulation is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Relator Stipulation is the United States District Court for the Southern District of New York. For purposes of construing this Relator Stipulation, this Relator Stipulation shall be deemed to have been drafted by all Parties to it and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

9. This Relator Stipulation may be executed in counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement.

Dated: May 5, 2020
New York, New York

GEOFFREY S. BERMAN
United States Attorney
Southern District of New York

By: _____
ANDREW E. KRAUSE
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2769
Facsimile: (212) 637-2786

Dated: May 5, 2020

HARTER SECREST & EMERY LLP

By: _____
BRIAN M. FELDMAN
1600 Bausch & Lomb Place
Rochester, New York 14604
BFeldman@hselaw.com
Telephone: (585) 231-1201
Facsimile: (585) 232-2152

*Attorneys for the Relator*

5

Dated: __5/6/20__, 2020

_____
Peter D. Grubea
*Relator*

Dated: _____, 2020
       New York, New York

SO ORDERED:

_____
HON. JED S. RAKOFF
UNITED STATES DISTRICT JUDGE